UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DAYLOR YANES, on behalf of himself and
others similarly situated,

    Plaintiff,

vs.

FERNANDEZ & FERNANDEZ INSURANCE,
INC., a Florida profit corporation,
PREFERRED INSURANCE NETWORK,
INC., a Florida profit corporation and
ANTONIA FERNANDEZ, an individual,

    Defendants.
_____/

COLLECTIVE ACTION COMPLAINT

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff DAYLOR YANES ("Plaintiff"), who was an employee of Defendants FERNANDEZ & FERNANDEZ INSURANCE, INC., a Florida profit corporation, PREFERRED INSURANCE NETWORK, INC., a Florida profit corporation, and ANTONIA FERNANDEZ, an individual (together, "Defendants"), and on behalf of himself and others similarly situated, by and through undersigned counsel, files this Collective Action Complaint for unpaid overtime wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter, the "Act" or "FLSA") and states as follows:

1. Plaintiff brings this action on behalf of himself and others similarly situated ("Class Members") for unpaid overtime wages, liquidated damages, and other relief including attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

1

2. Plaintiff and Class Members were non-exempt employees of Defendants who worked as insurance agents and were paid salaries but were misclassified as exempt from overtime. They were subjected to similar violations of the FLSA by Defendants, which were:

   a. Employed by Defendants and paid salaries;

   b. Misclassified as exempt from overtime; and

   c. Regularly worked overtime but not paid overtime wages.

3. The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

   > All persons who worked for Defendants in the last three years as salaried employees and were misclassified as exempt from overtime wages.

4. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

5. Plaintiff was forced to retain the undersigned and asks this Court to award reasonable attorney's fees and costs for unpaid overtime wages due under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

## I.   JURISDICTION AND VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' business is situated in this District; and because most, if not all, of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claims.

## II.     PARTIES

8. Plaintiff DAYLOR YANES ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was a salaried, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

9. Defendant FERNANDEZ & FERNANDEZ INSURANCE, INC. ("FERNANDEZ INC.") is a Florida profit corporation that employed Plaintiff and Class Members.

10. Defendant PREFERRED INSURANCE NETWORK, INC. ("PINI") is a Florida profit corporation that employed Plaintiff and Class Members.

11. Defendant ANTONIA FERNANDEZ ("FERNANDEZ"), an individual and *sui juris*, was a manager, owner and employer at FERNANDEZ INC and PINI. FERNANDEZ acted directly and indirectly in the interest of FERNANDEZ INC and PINI. FERNANDEZ managed FERNANDEZ INC and PINI and had the power to direct employees' actions. FERNANDEZ had management responsibilities, degree of control over the corporations' financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) Plaintiff and Class Memmbers in accordance with the FLSA, making Defendant ANTONIA FERNANDEZ an employer pursuant to 29 USC § 203(d).

## III.     COVERAGE

12. During all material times, Defendant FERNANDEZ & FERNANDEZ INSURANCE, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or

3

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. During all material times, Defendant PINI was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. During the all material times, Defendant FERNANDEZ INC. was an employer as defined by 29 U.S.C. § 203(d).

15. During the all material times, Defendant PINI was an employer as defined by 29 U.S.C. § 203(d).

16. During the all material times, Defendant FERNANDEZ was an employer as defined by 29 U.S.C. § 203(d).

17. During all material times, FERNANDEZ INC. and PINI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff seeks certification of collective action from this court, for himself and those similarly situated, pursuant to 29 U.S.C. 216(b).

19. Plaintiff and those similarly situated performed the same or similar jobs as one another in that they were employed by Defendants as insurance agents.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

20. Plaintiff and those similarly situated were subjected to similar policies in that Defendants suffered or permitted Plaintiff and Class Members to work without paying them overtime wages.

21. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> All persons who worked for Defendants in the last three years as salaried employees and were misclassified as exempt from overtime wages.

22. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

23. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing Plaintiff and those similarly situated within the meaning of the FLSA for one or more workweeks without compensating them at the overtime rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in a work week.

24. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of suffering or permitting Plaintiff and those similarly situated to work without paying them one-and-a-half times their regular rate of pay for all hours worked over forty per workweek.

## COUNT I
## <u>FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*</u>

25. Plaintiff reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

26. Defendants hired Plaintiff and Class Members to work as salaried, non-exempt insurance agents.

27. Defendants willfully and intentionally suffered or permitted Plaintiff and Class Members to work more than forty hours per week without paying them overtime wages.

28. By suffering or permitting Plaintiff and Class Members to perform work-related duties in excess of forty hours per week paying them overtime wages, Defendants owe Plaintiff and Class Members one-and-a-half times their regular rate of pay for each hour worked in excess of forty hours in a week.

29. As a direct and proximate result of suffering or permitting Plaintiff and Class Members to perform work-related duties in excess of forty hours per week without compensating them at the rate of one-and-a-half times their regular rate of pay, Plaintiff and Class Members have been damaged for one or more weeks of work with Defendants.

WHEREFORE Plaintiff DAYLOR YANES, on behalf of himself and others similarly situated, demands entry of judgment in his favor and against Defendants FERNANDEZ & FERNANDEZ INSURANCE, INC., PREFERRED INSURANCE NETWORK, INC. and ANTONIA FERNANDEZ, jointly and severally, as follows:

   a) Award to Plaintiff and others similarly situated for payment of all hours worked in excess of forty per week at one-and-a-half times their regular rate of pay;

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

b) Award to Plaintiff and others similarly situated liquidated damages equal to the payment of all overtime hours at one-and-a-half times their regular rate of pay;

c) Award to Plaintiff and others similarly situated of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## DECLARATION OF RIGHTS

30. Plaintiff reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

31. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.  The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

32. Defendants did not rely on a good faith defense in not paying Plaintiff the applicable overtime wage under the FLSA.

33. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

34. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE Plaintiff DAYLOR YANES, on behalf of himself and others similarly situated, demands entry of judgment in his favor and against Defendants FERNANDEZ & FERNANDEZ INSURANCE, INC., PREFERRED INSURANCE NETWORK, INC. and ANTONIA FERNANDEZ, jointly and severally, as follows:

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Award Plaintiff reasonable attorneys' fees and costs;

c) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 6th day of October, 2017.

> By: **s/Robert W. Brock II**
> Robert W. Brock II, Esq.
> Florida Bar No. 75320
> robert@kuvinlaw.com
> legal@kuvinlaw.com
> *Law Office of Lowell J. Kuvin*
> 17 East Flagler Street, Suite 223
> Miami, Florida 33131
> Tel.: 305.358.6800
> Fax: 305.358.6808
> *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 6, 2017, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of E-Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

> By: **s/Robert W. Brock II**
> Robert W. Brock II, Esq.

**YANES v. FERNANDEZ & FERNANDEZ INSURANCE, INC. PREFERRED INSURANCE NETWORK, INC. and FERNANDEZ
CASE NO.:**

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808


## Service List

**Robert W. Brock II, Esq.**
Bar No. 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
PrimaryEmails:robert@kuvinlaw.com
Secondary Email: Legal@kuvinlaw.com
*Attorney for Plaintiff*

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808