UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:17-CV-23677-UU

DAYLOR YANES,

    Plaintiff,

vs.

FERNANDEZ & FERNANDEZ INSURANCE,
INC., a Florida profit corporation,
PREFERRED INSURANCE NETWORK,
INC., a Florida profit corporation, WILLIAM
FERNANDEZ, an individual, and ANTONIA
FERNANDEZ, an individual,

    Defendants.
_____/

**JOINT MOTION TO APPROVE FLSA SETTLEMENT
AND TO DISMISS CASE WITH PREJUDICE**

The Parties, Plaintiff DAYLOR YANES ("Plaintiff") and Defendants FERNANDEZ & FERNANDEZ INSURANCE, INC., PREFERRED INSURANCE NETWORK, INC., WILLIAM FERNANDEZ, and ANTONIA FERNANDEZ (hereinafter "Defendants") pursuant to this Court's Notice of Practice Upon Settlement [D.E. 60], file this Joint Motion to approve the Parties' settlement and to dismiss this case with prejudice. In support, the Parties respectfully state as follows:

    1.    Plaintiff's First Amended Complaint [D.E. 18] alleged that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C., *et seq.* ("FLSA"), 29 U.S.C. §201 *et seq.*, by failing to compensate Plaintiff at the rate of one-and-a-half times his regular rate of pay for all hours worked in excess of forty hours in a work week.

1

2.      Defendants disagree with Plaintiff's allegations, and contend that Plaintiff was properly paid for every hour worked.  Defendants have also asserted various defenses, including, without limitation, several of the exemptions listed under 29 U.S.C. § 213, as complete defenses to Plaintiff's overtime claim. Defendants also dispute whether the individual Defendants, Antonia and William Fernandez, can be held personally liable under the FLSA.

3.      Nevertheless, the Parties recognize that litigation is costly and the outcome is uncertain.  To avoid the costs and uncertainty of further litigation, the Parties negotiated a settlement of this matter, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation.  Further, a mutual general release of all claims and the dismissal of all actions, which included non-parties were bargained for during the settlement process which provided an additional benefit to the Parties apart from the settlement of alleged overtime wages and liquidated damages associated with same.

4.      All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims, the disputed legal and factual issues relating to their claims and defenses, and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of Plaintiff's claims.

5.      A written Settlement Agreement between the Defendants and Plaintiff has been prepared that memorializes the terms of the settlement.  The Parties' Settlement Agreement is attached as **Exhibit A.**

6.      In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the settlement reached in this matter and request that the matter be dismissed, with prejudice.

## **MEMORANDUM OF LAW**

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food:*

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

In accordance with *Lynn's Food,* the Court's review of the Parties' settlement is to determine if it is a "fair and reasonable resolution of a *bona fide* dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of Plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531, n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist., LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007).

In this case, Plaintiff contends that he was employed as an insurance sales agent for Fernandez & Fernandez and that he was paid a salary and commissions. Plaintiff alleged that he was entitled to statutory overtime wages for overtime hours worked because he did not fall into any overtime exemption. Plaintiff alleged that this violation was willful, and that he is entitled to liquidated damages, and fees and costs. Defendants deny Plaintiff's allegations and allege that Plaintiff was properly paid for each and hour he worked under the law. Defendants' deny that Plaintiff is entitled to liquidated damages. The Parties have exchanged written discovery and documents, and the Plaintiff has been deposed. The issues remain disputed the Parties acknowledge that there remains disputed issues of law and fact that, if resolved in Defendants' favor, could result in a complete, or partial, reduction in Plaintiff's alleged damages.

In light of these disputed issues, the Parties agreed to resolve the matter for a total of $18,000.00. Plaintiff is receiving $12,000. The remaining $6,000.00 is allocated to Plaintiff's attorneys' fees and costs. It is the opinion of counsel for the Parties that this is a reasonable compromise given the disputed issues in the case, and that the amount received by Plaintiff is potentially more than Plaintiff would have recovered had the Parties gone to trial. In addition, as a salaried employee, his settlement received is actually a non-compromised settlement, as his actual and liquidated damages together total only $9,797.40. DE 49, Plaintiff's Statement of Claim.

The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration and extended

negotiation. To this end, both Plaintiff and Defendants have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the Parties' Agreements represents a reasonable compromise of Plaintiff's claims, including FLSA liability, computation of back wages, and the application of various defenses the Defendants have raised in opposition to Plaintiff's claims. Furthermore, the attorneys' fees and costs being paid by the Defendants under the Parties' settlement are in full satisfaction of all attorneys' fees and costs owed to Plaintiff's counsel, was agreed to separately and without regard to the amount paid to the Plaintiff, and the Plaintiff has no further obligation to Plaintiff's counsel for any additional attorneys' fees or costs. Plaintiff's recovery will not be compromised or diminished by any contract between himself and his counsel. Throughout the course of this action, Plaintiff's costs are $600.00, and Plaintiff's counsel has worked 28.2 hours on Mr. Yanes' behalf, for an average hourly rate of $191.49 per hour (well below the $350.00 hourly fee previously agreed to by Plaintiff).

Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount the Defendants have agreed to pay under the terms of the Parties' Agreements is a fair and reasonable settlement of a *bona fide* dispute. The Parties therefore respectfully submit that the Parties' settlement should be approved by the Court consistent with applicable precedent, including *Lynn's Food,* 679 F.2d at 1353.

WHEREFORE, the Parties respectfully request that the Court enter an Order finding the settlement fair and reasonable, dismissing the case with prejudice, retaining jurisdiction to enforce the agreement for thirty (30) days after signing of the Order, and granting such other and further relief as is appropriate.

Respectfully submitted this 16th day of April, 2018.

| | |
|---|---|
| */s/ Robert W. Brock, II* | */s/ Miguel A. Morel* |
| Robert W. Brock II | Jonathan A. Beckerman, Esq. |
| Florida Bar No.: 75320 | Florida Bar No. 568252 |
| Law Office of Lowell J. Kuvin, LLC | E-mail: jabeckerman@littler.com |
| 17 East Flagler Street, Suite 223 | Miguel A. Morel, Esq. |
| Miami, Florida 33131 | Florida Bar No.: 089163 |
| Telephone: (305) 358-6800 | E-mail: mamorel@littler.com |
| Facsimile:  (305) 358-6808 | LITTLER MENDELSON, P.C. |
| Email: robert@kuvinlaw.com | Wells Fargo Center 333 SE 2nd |
| *Attorney for Plaintiff* | Avenue, Suite 2700 Miami, FL 33131 |
| | Telephone: 305.400.7500 |
| | Facsimile: 305.603-2552 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **April 16, 2018**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:     **s/Robert W. Brock II**
          Robert W. Brock II, Esq.
          Florida Bar No. 75320

## Service List

**Jonathan A. Beckerman, Esq.**
Florida Bar No. 568252
E-mail: jabeckerman@littler.com
**Miguel A. Morel, Esq.**
Florida Bar No.: 089163
E-mail: mamorel@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center 333 SE 2nd
Avenue, Suite 2700 Miami, FL 33131
Telephone: 305.400.7500
Facsimile: 305.603-2552